IN THE UNITED STATES BANKRUPTCY
COURT FOR THE MIDDLE DISTRICT
OF FLORIDA, JACKSONVILLE DIVISION

CASE NO.: 05-13191-3P3

IN RE:

EVAN VALENCIA
NANCY A. VALENCIA

    Debtors.

_____/

## AMENDED CHAPTER 13 PLAN

Debtors, EVAN VALENCIA and NANCY A. VALENCIA, submit the following Chapter 13 Plan:

1. The future earnings of the debtors are submitted to the supervision and control of the Trustee, and the debtors shall pay to the Trustee the sum of **$1,168.35** per month during months **one (1) through sixty (60)** over the life of the plan. **Debtor's first Chapter 13 Bankruptcy Plan Payment is due November 26, 2005. Debtor's last Bankruptcy Plan Payment is due October 26, 2010.**

2. From the payments so received, the Trustee shall make disbursements as follows:

    A. **Priority Claims**

    (1) The fees and expenses of the Trustee shall be paid at the rate of **five percent (5%)** or **$58.42** per month during month **one (1) through sixty (60)** over the life of the plan of the amount of all payments under the plan.

    (2) Debtor owes **$42,000.00** to the **Internal Revenue Service**. Debtor shall make regular payments of **$700.00** per month during months **one (1) through sixty (60)** to pay this claim in full.

    B. **Secured Claims**

    (1) **The Internal Revenue Service** has a tax lien on debtors' personal property for **$2,892.00** for tax years 1997 through 2001. The Trustee shall pay **$54.58** per month during months **one (1) through sixty (60)**, which includes the contractual rate of interest of **5%** to pay this claim in full.

    (2) **Ford Motor Credit** has a security interest in Debtors' **2005 Ford Taurus** in the amount of **$17,032.00**. The Trustee shall make regular monthly payments of **$345.35** during months **one (1)** through **sixty (60)** over the life of the plan to pay this claim in full. This includes the 8% interest on this loan.

    (3) **Wells Fargo** has a secured lien on a 1999 Volkswagen JETTA. Joint Debtor co-signed for

her daughter to buy this car. Debtors' daughter has possession of this car and makes all payments. Daughter will continue to make these payments on this vehicle outside of the plan.

C.    **Unsecured Claims**

(1)    The Trustee shall pay **$10.00** per month during months one (1) through sixty (60) to those unsecured creditors whose claims are timely filed and allowed. The Debtors calculate that if all their unsecured creditors file claims, each will receive payments totaling 1 % of its claim. Debtors owe the Internal Revenue Service $108,000.00 for 1997, 1998, 1999, 2000, & 2001. This $108,000.00 shall be treated as general unsecured and will be discharged upon the successful completion of debtors' Chapter 13 Bankruptcy.

(2)    Any claims filed after **March 6, 2006** shall receive no distribution under this plan unless specifically provided for above.

(3)    To satisfy the requirements of 11 U.S.C. section 365, Debtors hereby expressly assume all of their leases and executory contracts in which they are now parties and no lease nor executory contract entered into by the debtors are hereby rejected.

(4)    Title to all property of the estate shall revest in the debtors upon completion of the plan.

(5)    All secured creditors will retain their lien under 11U.S.C. §1325 (a)(4)(B)(i).

(6)    Debtors  reserve the right to modify this Plan in the event post-petition claims are

(7)    **Any mortgage lien holder who has established, or who will establish, an escrow account in connection with the above mentioned mortgage loans shall (a) conduct an annual escrow analysis on the debtor's account; (b) notify the debtor and the Chapter 13 Trustee on an annual basis if there is an escrow account deficiency, stating the amount of such deficiency and the reason for the deficiency; (c) furnish the debtor and the Chapter 13 Trustee an annual escrow account statement that meets the requirements of 12 C.F.R., section 3500.17(i). Any such escrow analysis must be performed in a timely manner so as to allow payment of taxes and insurance premiums at the discount provided by applicable State law. Furthermore, any mortgage lien holder who transfers or sells said mortgage during the course of Debtor's Chapter 13 Bankruptcy shall notify the debtor and the Chapter 13 Trustee within a reasonable time to ensure that all mortgage plan payments have been sent and applied to the correct mortgage lien holder.** filed.

(8)    Except as provided for in the Plan, the Order confirming the Plan or other Order of the Court, no interest, late charges, penalties or attorneys' fees will be paid to or assessable by any creditor in accordance with the provisions of 11 U.S.C. section 1327 (a), which provides:

> The provisions of a confirmed Plan bind the Debtor and each
> Creditor whether or not the claim of such creditor is provided
> For by the Plan, and whether or not such creditor has objected
> To, has accepted, or has rejected the Plan.

Once Debtors successfully complete the Chapter 13 Plan and a Discharge is entered by the Court, **NO CREDITOR WILL BE ALLOWED TO ADD LATE CHARGES, PENALTIES, INTEREST, OR ATTORNEYS' FEES FROM THE BEGINNING OF**

**TIME THROUGH THE DATE OF DISCHARGE.**

Dated this 8th day of November, 2005.

Ronald Cutler
Attorney for Debtors
Florida Bar No: 141683
1172 Pelican Bay Drive
Daytona Beach, FL 32119
(386) 788-4480

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Amended Chapter 13 Plan will be furnished by either electronic transmission or by U.S. Mail to the Office of the U.S. Trustee, Room 620, 135 West Central Blvd., Orlando, Florida 32801; to Mamie Davis, Trustee, P.O. Box 4308, Jacksonville, Florida 32201; and to all interested parties on the enclosed mailing matrix this 8th day of November, 2005.

RONALD CUTLER
Attorney for Debtors

Label Matrix for USBC
Middle District of Florida
Case 3:05-bk-13191-GLP
Tue Nov  8 14:38:53 EST 2005

Allied Credit Alliance
P.O. Box 75054
Seattle, WA 98175

Anderson Financial Network
P.O. Box 3097
Bloomington, IL 61702

Baldwin Fairchild Funeral
5800 Nansel Ave.
Orlando, FL 32809

Capital One
P.O. Box 650007
Dallas, TX 75265

Citicard
P.O. Box 650007
Dallas, TX 75265

Ronald Cutler
Ronald Cutler PA
1172 Pelican Bay Drive
Daytona Beach, FL 32119

Mamie L. Davis
P.O. Box 4308
Jacksonville, FL 32201

FL Dept. of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

Ford Motor Credit
P.O. Box 3111
Tampa, FL 33631

HSBCBest Buy
P.O. Box 15519
Wilmington, DE 19850

Holl Crd
P.O. Box 230609
Montgomery, AL 361213

IRS
400 W. Bay St. 35045
Jacksonville, FL 32202

Internal Revenue Service
400 W. Bay St. 34045
Jacksonville, FL 32202

Internal Revenue Service
Special Procedures Staff Stop 5720
400 W. Bay St., Ste. 35045
Jacksonville, FL 32202-4437

Portfoliko Recovery
Dept. 922
P.O. Box 4115
Concord, CA 94524

Portfolio Recovery Associates, LLC
PO Box 41067
Norfolk, VA  23541

Sallie May
1002 Arthur Dr.
Lynn Haven, FL 32444

Sherman Acquisition
9700 Bissonnet St. Ste 2000
Houston, TX 77274

United States Attorney
300 North Hogan St Suite 700
Jacksonville, FL 32202-4270

United States Trustee - JAX7
135 W. Central Blvd., Suite 620
Orlando, FL 32801

Evan Valencia
213 Chestnut Creek Dr.
Apopka, FL 32703

Nancy A Valencia
213 Chestnut Creek Dr.
Apopka, FL 32703

Wells Fargo
P.O. Box 13460
Phildelphia, PA 19101